J. S21041/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES BERNARD RODGERS, | : | No. 2268 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered July 12, 2018,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0003495-2017

BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 11, 2019**

Charles Bernard Rodgers appeals from the July 12, 2018 judgment of sentence entered by the Court of Common Pleas of Chester County following his conviction of summary harassment.[1]  Joshua H. Camson, Esq., filed an application to withdraw his appearance on February 22, 2019, alleging that the appeal is frivolous, accompanied by an ***Anders*** brief.[2]  After careful review, we grant Attorney Camson's application to withdraw and affirm appellant's judgment of sentence.

The record reflects the following factual and procedural history:  On the evening of September 27, 2017, appellant and his wife, Diane Rodgers

---

[1] 18 Pa.C.S.A. § 2709(a)(1).

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

("Mrs. Rodgers") were at their house with their son, Michael Rodgers ("Michael"), and Michael's girlfriend, Anna Buczkowski. Mrs. Rodgers, Michael, and Ms. Buczkowski were on the front porch smoking cigarettes while appellant was in the house in the computer room upstairs. Michael disclosed to Mrs. Rodgers that appellant had recently begun using Match.com. Upon hearing this, Mrs. Rodgers confronted appellant without incident. Shortly thereafter, Michael went into the house. Mrs. Rodgers testified that, from the front porch, she could hear appellant call Michael a "rat." Appellant asked Michael and Ms. Buckowski to leave immediately. Mrs. Rodgers went into the house and confronted appellant a second time. Appellant then slapped Mrs. Rodgers in the face, causing her lip to bleed.

The Commonwealth charged appellant with summary harassment and simple assault[3] on September 27, 2017. The trial court convicted appellant of summary harassment following a bench trial on July 12, 2018.[4] Following trial, the trial court sentenced appellant to 2-90 days' incarceration with credit for time served.

Appellant filed a **pro se** notice of appeal to this court on July 26, 2018, despite still being represented by counsel. The trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of an opinion pursuant to

---

[3] 18 Pa.C.S.A. § 2701(a)(1).

[4] The Commonwealth withdrew the simple assault charge.

Pa.R.A.P. 1925(a), the trial court filed a statement on August 31, 2018, in which it requested that this court quash appellant's appeal, as his ***pro se*** notice of appeal was a legal nullity because he was represented by counsel. (***See*** trial court statement, 8/31/18 at 1-2.)

This court is required to docket a ***pro se*** notice of appeal, regardless of whether the appellant is represented by counsel. ***Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa.Super. 2016), citing ***Commonwealth v. Ellis***, 626 A.2d 1137 (Pa. 1993); I.O.P. 65.24. The clerk of court's office and this court are required to accept for filing a ***pro se*** notice of appeal which establishes the timeliness of the notice of appeal. The proper procedure in such cases is for appellate counsel to then enter his or her appearance for the appeal. Accordingly, we will not quash appellant's appeal and will proceed to consider the appeal on its merits.

As noted above, Attorney Camson filed an application to withdraw his appearance, accompanied by an ***Anders*** brief on February 22, 2019.

> A request by appointed counsel to withdraw pursuant to ***Anders*** and ***Santiago*** gives rise to certain requirements and obligations, for both appointed counsel and this Court. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1247-48 (Pa.Super. 2015).

> > These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. ***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa.Super. 2007). This

Court has summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed **pro se** or raise any additional points worthy of this Court's attention.

**Woods**, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an **Anders** brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal;

> (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.
>
> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Camson's petition to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant; advised him of his right to retain new counsel or proceed *pro se*; and filed with this court a copy of the letter sent to appellant as required under *Commonwealth v. Milisock*, 873 A.2d 748, 752 (Pa.Super. 2005) (citation omitted). *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding

did not abrogate the notice requirements set forth in *Milisock* that remain binding legal precedent."). Appellant did not respond to Attorney Camson's *Anders* brief. As Attorney Camson has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, quoting *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981). Therefore, we now turn to the merits of appellant's appeal.

Attorney Camson raises the following issue in his *Anders* brief:

> Whether the trial court erred in finding [a]ppellant guilty where the Commonwealth failed to prove beyond a reasonable doubt that [a]ppellant subjected the victim to physical contact[?]

*Anders* brief at 6.

Attorney Camson examined the sufficiency of the evidence presented and noted that the victim testified that appellant hit her in her face with his open hand. (*Id.* at 13.) Attorney Camson further concluded that the victim's testimony, if believed by the fact-finder, was sufficient to warrant a conviction on the summary harassment charge. (*Id.* at 14.) Although Attorney Camson advances no argument in the *Anders* brief on appellant's behalf with respect to this potential issue, we note that neither *Anders* nor *McClendon* requires

counsel to provide references to anything in the record that might arguably support the appeal. *Santiago*, 978 A.2d at 364. After carefully reviewing the record in this case, we conclude that it supports Attorney Camson's assessment that the appeal is frivolous because the record demonstrates that the Commonwealth presented sufficient evidence to warrant a conviction of summary harassment.

Moreover, our independent review of the entire record reveals no additional non-frivolous claims.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/19